IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____

Civil Action No. 16-cv-01243-KLM

AIG PROPERTY CASUALTY COMPANY, as subrogee of John and Chris Kelley,

    Plaintiff,

v.

WATTS REGULATOR CO., and
WATTS WATER TECHNOLOGIES, INC.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Watts Water Technologies, Inc.'s ("Watts Water") **Motion to Dismiss for Lack of Personal Jurisdiction** [#15][1] (the "Motion"). On August 25, 2016, Plaintiff filed a Response [#16] in opposition to the Motion. On September 15, 2016, Defendant filed a Reply [#18]. The Court has reviewed the case file and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#15] is **GRANTED**.

    At the outset, the Court must address Plaintiff's request to conduct limited discovery with respect to this Court's jurisdiction over Defendant. *See Response* [#16] at 6-7.

___

[1] "[#15]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Plaintiff states that it needs discovery to determine "the relationship between Watts Water and its subsidiaries and the control Watts Water has over its subsidiaries . . . ." *Id.*

The Court denies Plaintiff's request for limited jurisdictional discovery for the following three reasons. First, Plaintiff failed to comply with Local Rule 7.1(d), which states that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Plaintiff's request may be denied on this basis alone.

Second, Plaintiff does not provide the Court with any indication of the type of information it needs. Instead, Plaintiff provides the following description of the types of *discovery* needed to establish jurisdiction:

> Such discovery would be limited as follows: 1) around 10 requests for production of documents; 2) around 10 interrogatories; 3) the depositions of Timothy MacPhee, a Watts Water F.R.C.P. 30(b)(6) deposition, and select signatories of the Form 10-K, including Robert J. Pagano, Jr.

*Response* at 7. These nebulous references to discovery tools are insufficient to convince the Court that any specific discovery is necessary before determination of the Motion [#15].

Finally, the Court notes that the Motion [#15] was filed on July 14, 2016. Despite ample opportunity, Plaintiff has not made any further request for limited discovery since that time. Accordingly, Plaintiff's request for limited discovery is **denied**.

## I. Background

This action arises out of water damage incurred by John and Chris Kelley (the "homeowners") to their vacation property located in Steamboat Springs, Colorado. *Am. Compl.* [#10] at 2. While the homeowners were away, a toilet connector failed in the second floor bathroom, allegedly resulting in damages to the property totaling $593,366.85.

*Id.* at 2-3. Plaintiff AIG Property Casualty Company ("AIG"), as subrogee of John and Chris Kelley, filed suit against Defendants Watts Regulator and Watts Water, alleging that the toilet connector was manufactured, assembled, labeled, marketed, distributed, and/or sold by Defendants. *Id.* Specifically, Plaintiff brings three claims against Defendants: (1) strict liability, (2) negligence, and (3) breach of implied warranty. *See generally Am. Compl.* [#10].

On July 14, 2016, Defendant Watts Water filed the present Motion [#15]. Defendant argues that the Court should dismiss the claims against it for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), because it is merely "the investment vehicle for the Watts family of products" and has been improperly grouped with Defendant Watts Regulator, which is the manufacturer within the Watts family of companies.[2] *Motion* [#15] at 5. Defendant Watts Water, which is a Delaware corporation, asserts that it lacks sufficient contacts with the State of Colorado for the exercise of personal jurisdiction over it. *Id.*

## II. Legal Standard

The Court analyzes Defendant's argument that the Court lacks personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . . Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170,

---

[2] Defendant Watts Regulator does not contest the personal jurisdiction of this Court over it. *See generally Answer* [#14].

174 (10th Cir. 1992) (internal quotations and citations omitted).  A plaintiff bears the burden of establishing personal jurisdiction over a defendant.  *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984).  Before trial, a plaintiff need only make a prima facie showing of jurisdiction.  *Id*.  "The plaintiff may make this prima facie showing by demonstrating, via affidavits and other written materials, facts that if true would support jurisdiction over the defendant."  *OMI Holdings, Inc. V. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true "to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citations omitted).

The exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process requirements.  *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).  "Colorado's long-arm statute is coextensive with constitutional limitations imposed by the due process clause."  *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D. Colo. 1993).  Therefore, if jurisdiction is consistent with the Fourteenth Amendment due process clause, Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant.  Under the due process clause, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contact" with the state, so that the imposition of jurisdiction would not violate "traditional notions or fair play and substantial justice."  *Burger King v.*

*Rudzewicz*, 471 U.S. 462, 74 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

### III. Analysis

In order to evaluate personal jurisdiction, the Court must examine "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that [it] should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). "The 'minimum contacts' test may be met by establishing either general or specific jurisdiction." *Scott v. Gurusamy*, No. 16-CV-02961-RM-MEH, 2017 WL 590291, at *3 (D. Colo. Feb. 14, 2017).

Plaintiff argues that Defendant Watts Water is subject to personal jurisdiction in Colorado because it has sufficient minimum contacts with Colorado. Defendant Watts Water counters that the Court lacks jurisdiction over it because it is "a foreign shareholder corporation having no contacts with the State of Colorado . . . ." *Motion* [#15] at 1.

The Court notes that Plaintiff does not clarify whether it is asserting that the Court has general or specific personal jurisdiction over Defendant, nor does Plaintiff submit affidavits in support of its assertions. *See generally Response* [#16]. Thus, the allegations in the complaint must only be taken as true "to the extent they are uncontroverted by Defendant's affidavits." *See Wenz*, 55 F.3d 1505; *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992) (finding that the defendants' affidavit was sufficient to overcome a legal presumption in plaintiff's favor on a motion to dismiss for lack of personal jurisdiction). Citing to the affidavit of Timothy MacPhee, Head of Investor Relations and Treasurer of Watts Water, Defendant notes that "[Defendant] Watts Water

has never been a Colorado corporation, has never been registered to do business in Colorado, has no registered agent in Colorado, has never paid taxes in Colorado, owns no property in Colorado, has no branches or offices in Colorado, and has no phone listings or bank accounts in Colorado, nor has it ever." *Id.* at 4; *MacPhee Aff.* ¶ 4. Defendant argues that the Court not only lacks general jurisdiction over Watts Water, but also that it engages in no activities or actions that would support a finding of specific jurisdiction. *Id.* at 6.

Under principles of general jurisdiction, a nonresident defendant may be subject to a state's jurisdiction even where the alleged injury is unrelated to the defendant's contacts with the forum state, as long as a defendant's contacts with a state are strong enough. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952). General jurisdiction is appropriate only when a defendant has "continuous and systematic" general business contacts with the forum state. *Helicopteros*, 466 U.S. at 415.

When pervasive contacts supporting general jurisdiction are lacking, specific jurisdiction may nevertheless be asserted if a defendant has "purposefully directed" his activities toward the forum state, and if the lawsuit is based on injuries that "arise out of" or "relate to" the defendant's contacts with the state. *Burger King*, 471 U.S. at 472. "Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). To implement this principle, courts typically make three inquires: (1) whether the defendant purposefully directed his activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would

offend traditional notions of fair play and substantial justice.  *Id.*

Plaintiff does not allege sufficient facts to make a prima facie showing that the Court has general jurisdiction over Defendant Watts Water.  *See Behagen*, 744 F.2d at 733. Plaintiff's allegation in the Amended Complaint that both Defendants "were authorized to conduct business in the State of Colorado" is conclusory. *See Am. Compl.* [#10] at 2. Additionally, the Court need not accept this allegation as true because Defendant submitted an affidavit explaining that it is not registered to conduct business in Colorado. *See MacPhee Aff.* ¶ 4; *Wenz*, 55 F.3d 1505.

Plaintiff has not submitted a conflicting affidavit.  Instead, Plaintiff refers to three pieces of evidence: (1) a website printout referencing a distribution chain representative located in Commerce City, Colorado, *Response* [#16] at 6; [#16-5] ("Exhibit J"); (2) Defendant Watts Water's United States Securities and Exchange Commission Form 10-K ("Form 10-K"), *Response* [#16] at 4; [#16-3]; and (3) two press releases by Defendant Watts Water.  *Response* [#16] at 4; [#16-1, 16-2].

Plaintiff avers that Exhibit J, the website printout allegedly showing that Defendant has a representative located in Colorado, demonstrates continuous and systematic business contacts with Colorado.  While the Court may consider "affidavits and other written material" submitted by Plaintiff to support a finding of jurisdiction, the Court finds Exhibit J unconvincing.  *See OMI Holdings, Inc.*, 149 F.3d at 1091.  Exhibit J does not specifically reference Defendant Watts Water.  Rather, the printout heading states that "Watts is Ready to Help," and at the bottom indicates that the page is copyrighted by "Watts," which is described on the following line as "A Watts Water Technologies Company." *Motion* [#15] at 5; *Exhibit J* [#16-5].  Thus, it is not apparent that Exhibit J

relates to Defendant Watts Water at all, let alone that it is sufficient to make a prima facie showing of continuous and systematic business contacts with Colorado. Because Exhibit J does not reference Defendant Watts Water directly, the Court is not persuaded that this information establishes that Defendant manufactured, assembled, labeled, marketed, distributed, and/or sold the toilet connector or holds itself out to be the manufacturer of the toilet connector. Rather, the Court finds that Plaintiff's allegations and evidence are insufficient to allege "continuous and systematic" business contacts; therefore, Plaintiff has not made a prima facie showing of general jurisdiction over the Defendant. *See Helicopteros*, 466 U.S. at 415.

Plaintiff also argues that the Form 10-K and press releases demonstrate that Defendant Watts Water manufactured, marketed, advertised, or distributed the alleged toilet connector. *Response* [#16] at 4-6. Defendant's Form 10-K states, "We are committed to reducing our manufacturing and operating costs through a combination of manufacturing in lower-cost countries . . . ." *Id.* at 4; [#16-3] at 3. Plaintiff argues that the Form 10-K's use of the words "we," "us" and "our" establishes that Defendant Watts Water is itself responsible for manufacturing, designing, marketing, advertising, and distributing products. *Response* [#16] at 4. However, the Form 10-K explains that "[i]n this Annual Report on Form 10-K, references to 'the Company,' 'Watts Water,' 'we,' 'us,' or 'our' refer to Watts Water Technologies, Inc. *and its consolidated subsidiaries*." *Reply* [#18] at 4; [#16-3] at 2 (emphasis added). First, Plaintiff does not explain why it believes that this information establishes that Watts Water has minimum contacts with Colorado. Second, because the Form 10-K clarifies that it refers to Defendant "and its consolidated subsidiaries," the Form 10-K does not satisfy Plaintiff's burden of making a prima facie

showing that Defendant Watts Water, rather than Defendant Watts Regulator, was responsible for manufacturing, designing, marketing, advertising, and distributing the alleged toilet connector.

Plaintiff's reliance on the press releases to establish a prima facie showing of minimum contacts is also unavailing. Plaintiff quotes from the press releases: "[Defendant] Watts Water Technologies, Inc. is a world leader in the manufacture of innovative products to control the efficiency, safety, and quality of water within residential, commercial, and institutional applications." [#16-1, 16-2]. Plaintiff argues that the statement that Defendant "is a world leader in the manufacture of . . . products" indicates that Defendant is the manufacturer of the product at issue here. *Response* [#16] at 8. Yet, this language is vague and does not demonstrate that the alleged injury relates to Defendant's contacts with the forum state. *Burger King*, 471 U.S. at 472. Rather, particularly when taken together with the Form 10-K, the press releases appear to pertain to the activities of the group of Watts companies as a whole and are insufficient to establish Defendant Watts Water's minimum contacts with Colorado. The Court finds that Plaintiff has not sufficiently demonstrated specific personal jurisdiction over Defendant.

Lastly, Plaintiff asserts that Defendant Watts Water is subject to personal jurisdiction because "statements made by Watts Water outside of this litigation suggest that, whether by alter ego or agency theories, it was the actual entity in charge of manufacturing the offending product." *Response* [#16] at 8. Plaintiff plainly states that the three exhibits mentioned previously "show Watts Water's involvement with its subsidiaries appears to be more than a mere investment vehicle . . . ." *Id.* However, Plaintiff does not make any further arguments with respect to how the evidence supports either an agency or alter ego

theory. The Court declines to address contentions that are unsupported by adequate argument, like Plaintiff's assertions regarding the application of an agency and/or alter ego theory here. *See United States v. Chapman*, 839 F.3d 1232, 1239 n.4 (10th Cir. 2016).

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#15] is **GRANTED**, and that the Amended Complaint [#10] is **DISMISSED without prejudice** as to Defendant Watts Water due to lack of personal jurisdiction. *See, e.g.*, *Warad West, LLC v. Sorin CRM USA, Inc.*, No. 14-cv-03242-WJM-KLM, 2016 WL 1089825, at *14 (D. Colo. Mar. 21, 2016) (stating that dismissal on the basis of lack of personal jurisdiction is without prejudice).

Dated: March 24, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge